IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NED G. SOUTHERLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) NO. _____ |
| vs. | ) |
| | ) JURY DEMAND |
| | ) |
| CRACKER BARREL OLD COUNTRY STORE, INC., | ) |
| | ) |
| Defendant. | ) |

# COMPLAINT

## I. INTRODUCTION

The following action is brought by **Ned G. Southerland**, (hereinafter referred to as "Plaintiff"), against the Defendant, **Cracker Barrel Old Country Store, Inc.**, (hereinafter referred to as "Defendant"), alleging that the Defendant violated the Plaintiff's rights by discriminating against the Plaintiff in violation of the Age Discrimination in Employment Act ("ADEA"), *29 U.S.C. §§ 621 et seq.* and in violation of the Tennessee Human Rights Act ("THRA"), *T.C.A. § 4-21-401*. More particularly, the Plaintiff does allege that the Defendant subjected the Plaintiff to adverse workplace treatment and did not subject similarly situated younger employees to the same adverse treatment. The Plaintiff demands a jury trial as to all issues of fact raised by the pleadings.

## II. JURISDICTION AND VENUE

1. This action seeks damages to address the deprivation of rights secured to the Plaintiff; therefore, jurisdiction of this Court is invoked pursuant to *28 U.S.C.A. § 1331.* There is federal question

jurisdiction. This Court also has supplemental jurisdiction over the state law claims addressed in this Complaint pursuant to *28 U.S.C.A. § 1367.*

2.  Specifically, the jurisdiction of this Court is invoked to secure the protection of and to address the deprivation of rights secured by the Age Discrimination in Employment Act of 1967 ("ADEA"), *29 U.S.C. § 621 et seq.* and the Tennessee Human Rights Act, *T.C.A. § 4-21-401 et seq.*

3.  Venue for this action is appropriate in the United States District Court for the Middle District of Tennessee at Nashville, because all of the acts and conduct complained of and this Complaint rose out of and in this judicial district. The Defendant conducts business is this judicial district, and the employment location in question is also located in this district.

### III.     ADMINISTRATIVE PROCEDURES

4.  Within 300 days of the acts complained of, the Plaintiff did file charges with the Equal Employment Opportunity Commission ("EEOC") and the Tennessee Human Rights Commission ("THRC"). On February 2, 2012, the Plaintiff received a *Dismissal and Notice of Rights* from the EEOC. Said document granted the Plaintiff ninety (90) days from said date of receipt to file a lawsuit. Therefore, this Complaint is being filed within ninety (90) days after Plaintiff's receipt of said notice letter.

### IV.     PARTIES

5.  The Plaintiff, **Ned G. Southerland**, is an adult male citizen of the United States, and he does reside within the jurisdiction of this Court. Currently, the Plaintiff is seventy (70) years old.

6.  Defendant, **Cracker Barrel Old Country Store, Inc.**, is, upon information and belief, a Tennessee corporation, doing business in the Middle District of Tennessee. Upon information and belief, the Defendant may be served by and through its attorney, Mr. Robert W. Horton, Bass, Berry & Sims, PLC, 150 3rd

Avenue South – Suite 2800, Nashville, Tennessee 37201.

## V. FACTUAL ALLEGATIONS

7. The Defendant operates a Cracker Barrel Old Country Store, Inc. in Dickson, Dickson County, Tennessee. The Defendant corporation refers to the store location as Store No. 92. The Plaintiff resides in Dickson, Dickson County, Tennessee.

8. The Defendant hired the Plaintiff on or about April 16, 2008 as a *"Host"* at Store No. 92 in Dickson, Tennessee.

9. The Plaintiff worked part-time for the Defendant. More specifically, he worked approximately 3-4 days per week, and the hours that he worked per week were intended to average approximately 15 hours per week.

10. At all times relevant to the facts in this case, the Plaintiff was a good employee and performed his job duties and responsibilities in a professional and satisfactory manner.

11. Upon information and belief, the Plaintiff reported to associate manager Roger Hooton, Gerre Barbee, and Raymond Perez. The General Manager of Store No. 92 was Scott Whited.

12. The Defendant had a workplace policy referred to as *"First In, First Out."* According to this policy, the employee on duty for the longest period of time would be subject to being relieved of duty whenever multiple employees were no longer needed. The intent of the policy was presumably to be fair to all employees and allow all employees to work a sufficient number of hours.

13. The Defendant intentionally violated the *"First In, First Out"* policy by sending the Plaintiff home in lieu of relieving younger Host employees of duty who had been on duty for a longer period of time. Specifically, the Plaintiff was relieved of duty and sent home prior to similarly situated younger employees even

3

though said younger employees should have been relieved of duty first in accordance with the *"First In, First Out"* policy.

14. The Plaintiff made the Defendant aware of this adverse employment treatment; however, the Defendant took no action to correct the treatment.

15. Management employees for the Defendant also intentionally subjected the Plaintiff to direct age-related harassment. Said conduct created a hostile working environment for the Plaintiff. More specifically, the Plaintiff's supervisor at Store No. 92 made repeated age based discriminatory comments such as *"old man, you need to go on home"* and *"old man, you need to go to the nursing home and take your teeth out and take care of the old ladies down there."* On one occasion, the Plaintiff's managing supervisor informed one of the Plaintiff's female co-workers to *"go on out there, and old man Ned will take his teeth out and make you happy."*

16. The Plaintiff complained to management about the inappropriate statements that were being made and generally about the way he was being treated at work. In response, the Plaintiff was told, *"you deserve anything that you get."*

17. Management for the Defendant was informed that the Plaintiff was subjected to the harassment and the adverse treatment described in this Complaint and/or Defendant's management should have known by reasonable observation that the Plaintiff was being subjected to harassment and adverse treatment outlined in this Complaint; however, the Defendant took no corrective action. The knowledge of the Defendant's General Manager is imputed to the Defendant.

18. On February 1, 2010, the Plaintiff was once again subjected to discrimination while working for the Defendant. More specifically, the Plaintiff was sent home from work on that date in violation of the *"First In,*

4

*First Out"* policy. Whereupon, the Plaintiff immediately resigned his employment. The Plaintiff's separation from employment on February 1, 2010 was a *"constructive discharge."*

19. As a result of the Plaintiff's constrictive discharge from employment, the Plaintiff has suffered a loss of back pay, front pay, compensatory damages, and attorney's fees.

20. As a direct and proximate cause of the Defendant's violations of the ADEA and THRA, the Plaintiff has suffered anxiety, humiliation, and emotional distress.

## VI. FIRST CAUSE OF ACTION – VIOLATION OF THE ADEA

21. The Plaintiff hereby re-alleges paragraphs 1-20 of this Complaint as though said paragraphs are set forth herein verbatim.

22. The actions of the Defendant described in this Complaint constitute violations of the ADEA. More specifically, the Defendant is liable under the ADEA for willfully and maliciously discriminating against the Plaintiff and for subjecting the Plaintiff to age-related harassment in violations of the ADEA.

23. The actions of the Defendant described in this Complaint were malicious and intentional.

24. The Plaintiff is entitled to compensatory damages, liquidated damages, and attorney's fees as a result of the Defendant's willful, intentional, and/or malicious violations of the ADEA.

25. Plaintiff has sustained a loss of back pay, benefits, incidental expenses, and front pay as a result of the intentional, willful, and/or malicious violations of the ADEA.

## VII. SECOND CAUSE OF ACTION – VIOLATION OF THE THRA

26. The Plaintiff hereby re-alleges paragraphs 1-25 of this Complaint as though said paragraphs are set forth herein verbatim.

27. The actions of the Defendant described in this Complaint constitute violations of the THRA.

5

More specifically, the Defendant employer discriminated against the Plaintiff and subjected the Plaintiff to a hostile workplace harassment on the basis of the Plaintiff's age.

28. The actions of the Defendant were willful, intentional and/or malicious and violate T.C.A. § 4-21-401 et seq.

29. The Plaintiff is entitled to compensatory damages and attorney's fees as a result of the intentional, willful, and/or malicious misconduct described in this Complaint in violations of the THRA.

30. The Plaintiff has suffered a loss of back pay, benefits, incidental expenses, and front pay, as a result of the Defendant's willful, intentional, and/or malicious violations of the THRA.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff respectfully requests that this Honorable Court grant the following relief:

1. That process be issued on the Defendant and that it be required to answer this cause within the time required by law;

2. That the Court make the Plaintiff whole for his actual damages caused by the Defendant's intentional, willful, and/or malicious violations of the ADEA and THRA, including, but not limited to, an award of back pay, loss of benefits, incidental expenses, compensatory damages, and front pay;

3. That the Plaintiff be awarded compensatory and liquidated damages for the Defendant's willful, intentional, and/or malicious violations of the Plaintiff's federally protected rights under the ADEA;

4. That the Plaintiff be awarded compensatory damages for the Defendant's willful, intentional, and/or malicious violations of the Plaintiff's protected rights under the THRA;

5. That damages awarded to the Plaintiff not exceed $1,000,000.00;

6. That in addition to damages, the Court order the Defendant to pay the Plaintiff prejudgment

6

Case 3:12-cv-00439   Document 1   Filed 05/01/12   Page 6 of 7 PageID #: 6

and post-judgment interest as allowed by statute;

      7.     That in addition to damages, the Court award the Plaintiff reasonable attorney's fees and discretionary costs;

      8.     That in addition to damages, the Court order the Defendant to pay the court costs in this cause;

      9.     That the Court grant the Plaintiff such further and general relief as may be just and necessary in this cause; and

      10.    That the Plaintiff be granted a trial by a jury herein as to all issues on which there exist a right to a trial by jury.

Respectfully submitted,

_____
TIMOTHY V. POTTER
Attorney for Plaintiff
Reynolds, Potter, Ragan & Vandivort, PLC
210 East College Street
Dickson, Tennessee 37055
615.446.2221
615.446.2232 Facsimile
tpotter@rprvlaw.com

## SURETY

We hereby acknowledge ourselves as surety in this cause not to exceed Five Hundred Dollars ($500.00).

Reynolds, Potter, Ragan & Vandivort, PLC

By:_____