IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| NED G. SOUTHERLAND, | ) | |
| | ) | NO. 3:12-cv-0439 |
| Plaintiff, | ) | |
| | ) | JURY DEMAND |
| vs. | ) | |
| | ) | JUDGE SHARP |
| | ) | |
| CRACKER BARREL OLD COUNTRY STORE, INC., | ) | MAGISTRATE JUDGE GRIFFIN |
| | ) | |
| Defendant. | ) | |

# INITIAL CASE MANAGEMENT ORDER

Pursuant to the Notice of Initial Case Management Conference issued by the Clerk, the parties submit the following Proposed Case Management Order:

**I. Jurisdiction and venue:** Federal jurisdiction in this case is predicated on 28 U.S.C. § 1331 and U.S.C. § 1367. This case is brought pursuant to the Age Discrimination and Employment Act of 1967, 29 U.S.C. § 621 et seq.

**II. The parties' theories of the case:**

(a) <u>Plaintiff's theory of the case.</u>

It is the Plaintiff's theory of the case that the Plaintiff was subjected to adverse employment treatment and discriminated against on the basis of his age. The Plaintiff was subjected to express discriminatory animus by supervisors in the workplace. As a result of the intentional age-related harassment, the Plaintiff

was constructively discharged from his employment. Plaintiff alleges that he has suffered damages and that the Defendant should be liable in both compensatory and liquidated damages.

**(b)** **Defendant's theory of the case.**

Defendant Cracker Barrel Old County Store, Inc. adamantly denies any wrongdoing or violation of the Age Discrimination in Employment Act ("ADEA"). At the age of 67, Plaintiff was hired in April 16, 2008 as a host in the Dickson, Tennessee store. Defendant denies that comments were made about his age, and further asserts that Plaintiff failed unreasonably to take advantage of the company's documented and well-known complaint procedures. Defendant denies that Plaintiff was treated differently on the basis of his age, and denies that his working conditions became so intolerable that a reasonable person would have been compelled to resign.

When it was necessary to release a host from a shift due to normal business flux, Plaintiff consistently asked to go home early. In March 2010, Plaintiff gave a two week notice of his resignation, but never provided management with a reason. Plaintiff is not entitled to the relief he seeks for the following reasons: (1) His state claim under the Tennessee Human Rights Claim is time-barred as filed well beyond the one year statute of limitations (resignation was in March 2010, he filed his lawsuit in May 2012, more than two years later); (2) He voluntarily resigned from his position and therefore his prima

facie case of discrimination fails under the ADEA; (3) As a matter of law, Plaintiff is not entitled to compensatory or punitive damages under the ADEA; and (4) Plaintiff was offered unconditional reinstatement in February 2011 thereby limiting any alleged damages.

**III. Issues Resolved**: Jurisdiction and venue are not disputed.

**IV. Issues Still in Dispute**: Liability and damages.

**V.   Schedule of events**:

(a)   **Initial Disclosures**. The parties shall exchange Rule 26(a)(1) initial disclosures by August 1, 2012;

(b)   **Discovery**. The parties shall complete all written discovery and depose all fact witnesses on or before January 2, 2013. Discovery is not stayed during dispositive motions, unless ordered by the court. No motions concerning discovery are to be filed until after the parties have conferred in good faith.

(c)   **Motions to Amend**.  The parties shall file all Motions to Amend on or before September 4, 2012.

(d)   **Joint Mediation Report.   The parties** shall file a joint mediation report on or before January 2, 2013.

(e)   **Dispositive Motions**.   The parties shall file all dispositve motions on or before February 28, 2013. Responses to dispositve motions shall be filed within twenty-one (21) days after

3

the filing of the motion. Briefs shall not exceed twenty (20) pages. Optional replies may be filed within fourteen (14) days after the filing of the response and shall not exceed five (5) pages.
the court.

(f) **Electronic Discovery.** The parties have reached agreements on how to conduct electronic discovery. Therefore, the default standard contained in Administrative Order No. 174 need not apply to this case.

(g) **Trial Date and Estimated Trial Time.** The parties expect the trial to last approximately two (2) days. This action is set for jury trial on Tuesday, August 20, 2013.

**IT IS SO ORDERED.**

JULIET GRIFIN
United States Magistrate Judge

**APPROVED FOR ENTRY:**

s/Timothy V. Potter
**TIMOTHY V. POTTER        #17520**
Attorney for Plaintiff
Reynolds, Potter, Ragan & Vandivort, PLC
210 East College Street
Dickson, Tennessee  37055
615.446.2221
615.446.2232 Facsimile
tpotter@rprvlaw.com


s/ Donna L. Roberts
**DONNA L. ROBERTS        #22249**
Attorney for Defendant
P.O. Box 787
Lebanon, Tennessee  37088
615.235.4262
615.235.4004 Facsimile
donna.roberts@crackerbarrel.com